# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOMINIQUE ELLIS | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| LIBERTY MUTUAL INSURANCE | : | NO. 18-1032 |
| COMPANY et al., | : | |
| *Defendants.* | : | |

## MEMORANDUM

PRATTER, J.                                                                                                  JULY 24, 2018

### INTRODUCTION

After Liberty Mutual Insurance Company denied her claim for underinsured motorist coverage, Dominique Ellis sued both the insurer and the claims adjuster, Clare MacNabb. Against Ms. MacNabb, whose presence in the case defeats complete diversity between the parties, Ms. Ellis brought a single count for violations of Pennsylvania's consumer protection statute. Liberty Mutual removed the case to this Court, arguing that Ms. MacNabb was fraudulently joined. Ms. Ellis has moved to remand.

The Court grants the motion to remand for three reasons. First, Ms. MacNabb is not fraudulently joined solely because of her role as a claims adjuster. Second, although a colorable claim under the consumer protection statute requires active malfeasance, it is too early to tell whether the complaint alleges only passive nonfeasance by Ms. MacNabb. Third, even though Ms. Ellis's mother is the "named insured" in the insurance policy, at this stage, Ms. Ellis herself could possibly maintain a claim under the consumer protection statute. Thus, Ms. MacNabb is not fraudulently joined and the motion to remand is granted.

1

## BACKGROUND

Dominique Ellis was hit by a car while walking down the street. At the time of the accident, she was insured by Liberty Mutual under an auto insurance policy that listed her mother as the "named insured." Because the driver in the accident was underinsured, Ms. Ellis sought to recover the balance of her medical expenses from Liberty Mutual.

Clare MacNabb, a Liberty Mutual employee, was the claims adjuster assigned to Ms. Ellis's case. Ms. Ellis alleges that Ms. MacNabb dragged her feet during a six-month investigation into whether Ms. Ellis actually lived at the address listed in the insurance policy. At the end of that drawn-out process, Ms. MacNabb concluded that Ms. Ellis was being truthful about her address. Yet she denied Ms. Ellis's claim anyway on the ground that her medical expenses were less than the limit of the policy owned by the underinsured driver. Ms. Ellis alleges that the investigation into the address issue was phony and meant to intimidate her. She posits that Liberty Mutual was always going to deny her claim no matter what the investigation revealed.

Ms. Ellis brought this suit in state court against Liberty Mutual and Ms. MacNabb. The complaint contains three counts against Liberty Mutual: (i) an "underinsured motorist claim," (ii) a claim for bad faith insurance denial, and (iii) a claim for violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL). Ms. Ellis brought only the UTPCPL claim against Ms. MacNabb.

Because Ms. Ellis and Ms. MacNabb are both residents of Pennsylvania, and Liberty Mutual is a Massachusetts corporation, Ms. MacNabb's presence in the case defeats complete diversity of citizenship. Liberty Mutual argues that Ms. MacNabb was fraudulently joined

2

because Ms. Ellis has no colorable UTPCPL claim against Ms. MacNabb. Liberty Mutual removed the case to this Court, and Ms. Ellis has moved to remand.

### STANDARD OF REVIEW

A defendant in a civil case in state court may remove the case to federal court as long as the federal court would have original jurisdiction over the case. *See* 28 U.S.C. § 1441(a). "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)) (additional citations omitted).

Under 28 U.S.C. § 1332, a federal court has diversity jurisdiction only if all plaintiffs are diverse from all defendants. The doctrine of fraudulent joinder, an exception to this complete diversity requirement, allows a defendant to remove an action if a non-diverse defendant was fraudulently joined solely to defeat diversity jurisdiction. *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). If the non-diverse defendant was fraudulently joined, the court may disregard the citizenship of the non-diverse defendant for the purpose of determining diversity of citizenship. *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006)). If the court determines that joinder was not fraudulent, it must remand. *Id.*

Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Boyer*, 913 F.2d at 111 (quotations omitted). "The presence of a party fraudulently joined cannot defeat removal." *In re Diet Drugs*, 220 F. Supp. 2d 414, 419 (E.D. Pa. 2002).

3

The Third Circuit Court of Appeals set forth the standards applicable to fraudulent joinder analysis as follows:

> When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined. But the removing party carries a heavy burden of persuasion in making this showing. It is logical that it should have this burden, for removal statutes are to be strictly construed in favor of remand.
>
> Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment. But, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.

*Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–52 (3d Cir. 1992) (citations and punctuation omitted); *see also Briscoe*, 448 F.3d at 217.

## DISCUSSION

Liberty Mutual advances three reasons why Ms. MacNabb is fraudulently joined and should be disregarded for purposes of diversity jurisdiction. The Court rejects all three. First, Ms. MacNabb is not fraudulently joined solely because of her role as a claims adjuster. Second, although a colorable UTPCPL claim requires malfeasance, it is too early to tell whether the complaint alleges malfeasance or mere nonfeasance by Ms. MacNabb. Third, even though the "named insured" in the policy is Ms. Ellis's mother, it is possible that Ms. Ellis herself may still maintain a UTPCPL claim. Ms. Ellis's motion to remand is granted.[1]

---

[1] A note on timeliness: Ms. Ellis moved to remand the case 31 days after it was removed to this Court. Citing the 30-day window for remand in 28 U.S.C. § 1447(c), Liberty Mutual argues that Ms. Ellis has missed her chance to remand. But Ms. Ellis challenges the Court's subject matter jurisdiction by arguing that complete diversity is not satisfied. The 30-day

4

## I. UTPCPL claims against insurance adjusters are colorable.

Ms. MacNabb is not fraudulently joined solely because she is a claims adjuster. "[M]ultiple courts have concluded that claims under the UTPCPL against insurance adjusters are colorable under Pennsylvania law." *Kennedy v. Allstate Prop. & Cas. Ins. Co.*, No. 15-CV-2221, 2015 WL 4111816, at *7 (E.D. Pa. July 8, 2015). These courts "have determined that Pennsylvania law might allow UTPCPL claims against individual insurance claims representatives and found the individuals were not fraudulently joined." *Barrie v. Progressive Specialty Ins. Co.*, No. 17-CV-30, 2017 WL 1150631, at *5 (E.D. Pa. Mar. 28, 2017).[2]

## II. It is too early to tell whether Ms. Ellis's claim is for mere nonfeasance.

Liberty Mutual argues that Ms. Ellis's complaint alleges only *non*feasance by Ms. MacNabb. Because a colorable UTPCPL claim requires *mal*feasance, Liberty Mutual contends that Ms. MacNabb has been fraudulently joined.

"In Pennsylvania, only malfeasance, the improper performance of a contractual obligation, raises a cause of action under the [UTPCPL], and an insurer's mere refusal to pay a claim which constitutes nonfeasance, the failure to perform a contractual duty, is not actionable." *Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 564-65 (3d Cir. 2008) (quoting *Horowitz v Fed. Kemper Life Assur Co.*, 57 F.3d 300, 307 (3d Cir. 1995)); *see also Nordi v. Keystone Health Plan W. Inc.*, 989 A.2d 376, 385 (Pa. Super. Ct. 2010) (citing *Gordon v. Pa. Blue Shield*,

---

window applies only to efforts to remand "on the basis of any defect *other than lack of subject matter jurisdiction.*" *Id* (emphasis added). As a result, the timing of Ms. Ellis's motion to remand is irrelevant.

[2] The *Barrie* court cited *Kennedy*, 2015 WL 4111816, at *7; *Horne v. Progressive Advanced Ins. Co.*, No. 15-CV-1029, 2015 WL 1875970 (E.D. Pa. Apr. 24, 2015); *Hennessey v. Allstate Ins Co.*, No. 13-CV-6594, 2014 WL 1479127 (E.D. Pa. Apr. 14, 2014); *Kapton v. Ohio Cas. Ins. Co.*, No. 14-CV-69, 2014 WL 1572474 (W.D. Pa. Apr. 17, 2014); *Grossi v. Travelers Ins. Co.*, No. 09-CV-1427, 2010 WL 483797 (W.D. Pa. Feb. 5, 2010); and *Ozanne v. State Farm Mut. Auto. Ins. Co.*, No. 11-CV-327, 2011 WL 1743683 (W.D. Pa. May 5, 2011).

548 A.2d 600, 604 (Pa. Super. Ct. 1988)) ("Mere refusal to pay a claim, or failure to investigate or take other action, is nonfeasance and is, thus, not actionable.").

In this case, Ms. Ellis alleges textbook nonfeasance: Ms. MacNabb took too long to investigate her claim and incorrectly denied coverage. But the complaint also supports an inference of malfeasance. For instance, Ms. Ellis alleges that the delayed investigation was meant to harass or intimidate her. Malfeasance may exist "if an insurer conducted a post-loss investigation in an unfair or unreasonable manner." *Grossi v. Travelers Ins. Co.*, No. 09-CV-1427, 2010 WL 483797, at *2 (W.D. Pa. Feb. 5, 2010) (citations omitted).

At this early stage, Ms. Ellis still has a chance to prove her allegations of malfeasance. "To delve further into this issue [at the fraudulent-joinder stage] would require an assessment of the merits of [Ms. Ellis's] claim." *See Grossi*, 2010 WL 483797, at *2 (citations omitted); *see also Kennedy*, 2015 WL 4111816, at *2 (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32–33 (3d Cir. 1985)) ("'To inquire' beyond the issue of whether claims are colorable 'into the legal merits would be inappropriate in this preliminary jurisdictional determination.'"). By contrast, Liberty Mutual's preferred cases finding only nonfeasance — *Nordi*, *MacFarland*, and *Gardner* — were all decided on summary judgment motions. In sum, it is too early to tell whether Ms. Ellis's claim is for mere nonfeasance.

### III. Even though her mother is the "named insured," Ms. Ellis may have a colorable UTPCPL claim.

Liberty Mutual argues that Ms. Ellis cannot maintain a claim under the UTPCPL because she did not purchase the insurance policy. The UTPCPL grants a private cause of action to "[a]ny person who," among other requirements, "purchases or leases goods or services." 73 Pa. Stat. Ann. § 201-9.2(a). The law "contemplates as the protected class only those who purchase goods or services, not those who may receive a benefit from the purchase." *Gemini Physical*

6

*Therapy & Rehab., Inc. v. State Farm Mut. Auto. Ins. Co.*, 40 F.3d 63, 65 (3d Cir. 1994). "Had the Pennsylvania legislature wanted to create a cause of action for those not involved in a sale or lease, it would have done so." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992).

In this case, the complaint states that Ms. Ellis "maintained auto insurance with Defendant Liberty." Compl. ¶ 23. The policy, attached as an exhibit to the complaint, states that Ms. Ellis's mother is the "Named Insured." Compl. Ex. A, at 2. Both women are listed under the heading "Driver Name." *Id.* at 4.

In other words, support for the notion that Ms. Ellis "purchased" the policy is admittedly slim: she "maintained" the policy and was listed as a driver but not as the named insured. As a result, Liberty Mutual's argument — that Ms. Ellis was not the purchaser and therefore cannot maintain a claim under the UTPCPL — puts the forgiving fraudulent-joinder standard to the test. Even so, the Court is mindful that "all doubts should be resolved in favor of remand," *Boyer*, 913 F.2d at 111 (quoting *Steel Valley Auth.*, 809 F.2d at 1010), and that remand is required "if there is even a possibility that a state court would find that the complaint states a cause of action" against Ms. MacNabb, *Batoff*, 977 F.2d at 851 (quoting *Boyer*, 913 F.2d at 111). The Court concludes that this lenient standard has been satisfied. It is far from clear at this juncture that Ms. Ellis was not making payments under the policy; the allegation the Court must work with is that Ms. Ellis "maintained" the policy. It is certainly not unreasonable to consider that "maintenance" of the policy was accomplished by paying for (*i.e.*, "purchasing") it. This uncertainty distinguishes Ms. Ellis's case from *Norco v. Allstate Insurance Co.*, in which an insured 15-month-old grandchild clearly was not a "purchaser" and therefore could not maintain a claim against his grandmother's insurer. *See Norco v. Allstate Ins. Co.*, No. 11-CV-1453, 2012 WL 12887729, at *10 (W.D. Pa. July 17, 2012); *cf. Katz*, 972 F.2d at 55 (dismissing car accident

7

victims' UTPCPL claim against other driver's insurer and rejecting victims' theory that "they may still sue under the statute if they can prove that they were the intended beneficiaries of the policy").

## CONCLUSION

For the foregoing reasons, Ms. Ellis's motion to remand is granted. The case is remanded to state court. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE